■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES D. LAMONT, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: Since the testimony of defendant's accomplice is the only evidence tending to connect defendant with any material fact of the crime, there was insufficient evidence to support defendant's conviction for grand larceny in the third degree. A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence (CPL 60.22 [1]). Corroborative evidence is " 'evidence from an independent source of some material fact tending to show that defendant was implicated in the crime' " *(People v Moses,* 63 NY2d 299, 306, quoting *People v Kress,* 284 NY 452, 460). In order for evidence to constitute independent corroboration, it must stand on its own, it must not have originated from the accomplice and its weight and probative value must not depend on the testimony of the accomplice *(People v Hudson,* 51 NY2d 233, 238-239; *People v Rugg,* 91 AD2d 692).

The proof relied on by the People to corroborate the testi-

mony of the accomplice consisted of the driver's license of the victim found in a bedroom shared by defendant and the accomplice and bearing defendant's name; evidence that certain items of the stolen property were found under a loading dock to which the accomplice directed police; and a letter containing an inculpatory statement which defendant wrote to the accomplice while both were in jail. With respect to the letter, the accomplice testified that the reference pertained to an unrelated crime. As to the stolen property found under the loading dock, there was nothing to connect it to defendant other than the accomplice testimony. Although defendant's name had been substituted for the victim's name on the driver's license and it was found in a bedroom occupied by defendant and the accomplice, there was no proof that defendant had placed his name there or that he had it in his possession other than testimony to that effect given by the accomplice. Since there was no independent proof tending to connect defendant with the crime, his conviction cannot be sustained. (Appeal from judgment of Orleans County Court, Morton, J.—grand larceny, third degree.) Present—Doerr, J. P., Denman, Green, Pine and Balio, JJ.