charges.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR DIAZ, Appellant.—Judgment unanimously affirmed. Memorandum: None of the issues raised by defendant on appeal has merit and only one requires comment.

We have reviewed the affidavits presented to the issuing Magistrate and find that they provided "information sufficient to support a reasonable belief that evidence of illegal activity [would] be present at the specific time and place of the search" *(People v Edwards,* 69 NY2d 814, 816). Defendant has no absolute right to disclosure of the identity, affidavits or testimony of a confidential informant *(People v Delgado,* 134 AD2d 951, *lv denied* 71 NY2d 895); an independent review of the facts presented is all that is required *(People v Fino,* 14 NY2d 160, 163). (Appeal from judgment of Oneida County Court, Murad, J.—criminal possession of controlled substance, first degree.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYLE BOATMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendants were indicted and tried jointly with codefendant Anthony Greene for their participation in the robbery and assault of a 43-year-old woman in her home. Another participant, Timothy Kirkland, testified for the People at trial.

The court did not err in denying defendants' motions for separate trials. When defendants are jointly charged in a single indictment, the court "may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more or all of the others" (CPL 200.40 [1]). This subdivision further provides that "[g]ood cause shall include, but not be limited to, a finding that a defendant or the people will be unduly prejudiced by a joint trial".

The Court of Appeals has stated that "[w]here proof against the defendant is supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). Here, when the motion for a severance was made, neither defendant had demonstrated sufficient "good cause" to require separate trials. Clearly, the proof against defendants was supplied by the same evidence: the testimony of the victim, her son, the police officers, and the accomplice, Timo-

thy Kirkland. Although it was revealed at the beginning of the trial that the victim was able to identify Greene but not the defendants, this difference in the degree of proof was not so significant as to require separate trials *(see, People v Kampshoff,* 53 AD2d 325, 337-339, *cert denied* 433 US 911). Therefore, defendants' motion for a severance was properly denied.

Timothy Kirkland was an accomplice as a matter of law, and thus his testimony required corroborative evidence "tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). The corroborative evidence need "not itself prove commission of the crime. Rather, it is sufficient if the corroborative evidence tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice is telling the truth" *(People v Glasper,* 52 NY2d 970, 971). The evidence must stand on its own, it must not have originated from the accomplice, and its weight and probative value must not depend on the testimony of the accomplice *(People v Lamont,* 126 AD2d 967). Here, the testimony of the victim that a crime had in fact occurred, coupled with her testimony concerning the type of clothing worn by two of her assailants, as well as the testimony of the victim's son and his roommate regarding the clothing worn by the men they observed leaving the apartment, and the apprehension of both defendants near the crime scene wearing the clothing described, is sufficient evidence connecting defendants to the crime so as to reasonably satisfy the jury that Kirkland was telling the truth.

Lastly, we address defendants' argument that they were denied due process when the court questioned four female jurors outside their presence and that of their attorneys to ascertain the nature of a conversation that had occurred among these jurors and an alternate juror, who was later removed. While it would have been a better practice for the court to have permitted defendants' attorneys to be present during this process, we find that the court's actions do not require a reversal. The interview between the court and the questioned jurors was recorded, and on our review of the record we find that the court's inquiry of the jurors was evenhanded and not prejudicial.

CPL 260.20 provides that "[a] defendant must be personally present during the trial of an indictment". In *People v Mullen* (44 NY2d 1, 5), the Court of Appeals held that the trial court's questioning of a juror in chambers for possible disqualification "did not constitute a material part of the trial" requiring defendant's presence *(see also, People v Wilson,* 106 AD2d 146,

148). In a situation similar to the one at bar, the First Department has held that the court's questioning of jurors in chambers outside the presence of defense counsel and defendants to ascertain whether they had been affected by a newspaper article that had found its way into the jury room did not violate CPL 260.20 *(People v Andriani,* 67 AD2d 20, 22, *cert denied sub nom. Boutureira v New York,* 444 US 866). There, as here, the court questioned the jurors alone in chambers and made a record of the proceedings. The appellate court found that there was no significant probability of prejudice in the method utilized. We submit that the same result should obtain here.

We have examined the other arguments raised by defendants on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—burglary, first degree, and other charges.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.