■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GORDON, Appellant. [608 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered November 12, 1991, convicting him of attempted murder in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Starkey, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The court did not err in denying suppression of identification testimony. Under the circumstances of this case, the People's hearsay evidence at the *Wade* hearing was sufficient *(see,* CPL 710.60 [4]) to establish that nothing suggestive was said to the victim of the robbery when he was brought to the precinct to view the lineup. The defendant presented no evidence at the hearing to call the People's evidence into question.

In addition, the fact that an off-the-record, side-bar conference was held before the court announced its *Sandoval* ruling, after a full hearing had taken place in the defendant's presence, did not violate the defendant's right to be present at all material stages of the trial as his presence would have been superfluous at the side-bar conference *(cf., People v Dokes,* 79 NY2d 656, 662).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.