■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPETON JOHNSON, Appellant. [612 NYS2d 171] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered December 23, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was absent from a material stage of his trial. At the beginning of the defendant's pretrial *Sandoval* hearing, there was some confusion as to whether one of the defendant's prior convictions was a Family Court matter or a criminal prosecution. Concerned that the defense counsel and the prosecutor might not be reading from the same documents, the court inquired "[d]o we have the same [NYSIID] sheet", whereupon the court directed the attorneys to "[a]pproach [for] a second". A brief discussion took place at the bench after which the court concluded that the matter in question was not a Family Court

matter, and the defense counsel expressly agreed. Thereafter, the defense counsel continued her arguments in open court, in the defendants' presence, as to why the People should not be permitted to inquire into the defendants' past convictions.

Contrary to the defendant's contentions, the record clearly demonstrates that the *Sandoval* hearing took place in open court, in his presence, consistent with his right to be present at this material stage of the trial *(see, People v Michalek,* 82 NY2d 906; *People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 256). What took place at the bench was merely a brief conference on a ministerial matter, namely, ascertaining whether the court and counsel were all reading from the same NYSIID sheets. While it is unlikely that this conference, during this nonjury proceeding, was conducted in hushed voices inaudible to the defendant, even assuming that he was not able to hear the discussion at the bench, it cannot be said that his absence from this discussion deprived him of any opportunity for meaningful factual input *(see, People v Smith,* 82 NY2d 254, 268; *People v Gordon,* 200 AD2d 634; *see also, People v Walker,* 202 AD2d 312; *cf., People v Dokes, supra).*

The defendant's remaining contentions are without merit. Miller, J. P., Joy, Altman and Florio, JJ., concur.