■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ESPINAL, Appellant. [632 NYS2d 108] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered June 5, 1991, convicting defendant, after jury trial, of kidnapping in the first degree and attempted grand larceny in the second degree, and sentencing him to concurrent terms of 15 years to life and $2^{1}/_{3}$ to 7 years, respectively, unanimously affirmed.

The People presented overwhelming evidence of defendant's guilt of the crimes charged, and without the benefit of additional background facts that might have been developed had an appropriate postjudgment motion been made pursuant to CPL 440.10 (*People v Love*, 57 NY2d 998, 1000), the record before us does not indicate that defendant's trial representation was ineffective (*see, People v Baldi*, 54 NY2d 137).

The available record indicates that trial counsel made appropriate pretrial and trial motions and applications, and in the face of overwhelming evidence vigorously cross-examined the People's witnesses in an attempt to elicit inconsistencies, and presented consistent opening and closing statements in pursuit of the defense that the charges were groundless because the incident was no more than a hoax orchestrated by the complainant. There is no evidence in the available record that defendant disagreed with this choice of defense (*see, People v Smith*, 168 AD2d 205, 206, *lv denied* 78 NY2d 957), and an unsuccessful defense does not indicate ineffective assistance of counsel (*People v Baldi, supra*, at 146-147).

We find no attorney error in trial counsel's failure to move for a severance as there was no irreconcilable conflict of defenses (*People v Mahboubian*, 74 NY2d 174, 184). Similarly, we find no error in trial counsel's failure to offer a misidentification defense, as the complainant's observations of defendant over a five day period of time and positive identification of him at the time of arrest rendered such a defense pointless.

We note that the record refutes defendant's claim that his

trial counsel failed to enter any objection to the introduction of testimony regarding co-defendant Mendez' alleged participation in another kidnapping scheme. The trial court's charge to the jury instructing that the evidence was to be evaluated separately as to each defendant, presumably understood and followed by the jury (*People v Davis*, 58 NY2d 1102, 1104), precluded any undue prejudice to defendant from testimony relating solely to alleged bad acts of co-defendant Mendez.

Defendant's additional claims of attorney error do "no more than invite this Court to second-guess counsel's tactics" (*People v Dowdy*, 196 AD2d 747, *lv denied* 82 NY2d 849). Concur— Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.