■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COLE, Appellant. [661 NYS2d 329] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to attempted murder in the second degree in full satisfaction of the indictment, in return for an agreed upon sentence of 3 to 9 years, to run concurrent with a sentence of 1 to 3 years under a separate indictment. County Court agreed to release defendant on his own recognizance pending sentencing upon the condition that defendant appear for sentencing on the scheduled date.

The record establishes that the court clearly and unambiguously informed defendant that, if he failed to appear for sentencing, the court would not be bound by its promised sentence and would impose an enhanced sentence up to the maximum permissible, and defendant agreed to the court's condition. Because defendant did not appear for sentencing, the court properly sentenced defendant in absentia to an enhanced sentence (*see, People v Van Buren,* 203 AD2d 961; *People v Briggs,* 184 AD2d 1014).

We reject defendant's contention that the court erred in

determining, following a pretrial *Wade* hearing, that there was an independent basis for the in-court identification of defendant *(see, People v Howard,* 209 AD2d 1014, *affd* 87 NY2d 940; *People v Callace,* 143 AD2d 1027, *lv denied* 73 NY2d 889). The People established that the witness knew defendant prior to the shooting incident and had identified defendant by name as being one of the shooters prior to being shown the photographic arrays, which were not preserved. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Boehm and Fallon, JJ.