■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELENA SCAVONE, Appellant. [728 NYS2d 615] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (Penal Law § 120.05 [9]), and endangering the welfare of a child (Penal Law § 260.10 [1]), arising out of first and second degree burns sustained by her 15-month-old daughter when defendant placed her on a heated radiator in defendant's apartment. Contrary to defendant's contention, the count of the indictment charging assault in the second degree was not an inclusory

concurrent count of the count charging assault in the first degree. The assault second charge required that the victim of the assault be "less than seven years old" (Penal Law § 120.05 [9]), an element not required by the assault first charge (Penal Law § 120.10 [1]). Thus, the assault second count was not a "lesser offense[ ] included within the greater" (CPL 300.30 [4]; *cf., People v Abrew*, 95 NY2d 806, 808-809). The evidence, although entirely circumstantial on the critical issue of intent, is legally sufficient to support the conviction of assault in the first and second degrees (*see generally, People v Williams*, 84 NY2d 925, 926; *People v Bleakley*, 69 NY2d 490, 495). It is well established that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682; *see, People v Smith,* 79 NY2d 309, 315; *People v Shero*, 283 AD2d 253). The verdict finding defendant guilty of assault in the first and second degrees is not against the weight of the evidence with respect to the element of intent (*see, People v Bleakley, supra*, at 495; *People v Mike*, 283 AD2d 989). County Court properly denied the motion of defendant to suppress her oral statements to the police. The record of the *Huntley* hearing establishes that the initial questioning at the hospital was noncustodial, and thus there was no need to administer *Miranda* warnings (*see, People v De Tore*, 34 NY2d 199, 208-209). The court's *Sandoval* ruling was not an abuse of discretion. Defendant failed to preserve for our review her contention that the court erred in admitting in evidence numerous photographs of the child (*see*, CPL 470.05 [2]). In any event, there is no merit to that contention. The photographs of the child "showed the nature of the injur[ies] and therefore tended to prove that [defendant] acted with [the requisite] intent" with respect to each of the assault counts (*People v Stevens*, 76 NY2d 833, 836). The sentence is neither unduly harsh nor severe, and the sentence imposed on the conviction of assault in the second degree, a class D violent felony offense (*see,* Penal Law § 70.02 [1] [c]), is legal. (Appeal from Judgment of Oneida County Court, Donalty, J.—Assault, 1st Degree.) Present— Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.