*1048 Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered July 26, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and two counts of robbery in the first degree (§ 160.15 [1], [2]). The contention of defendant that he was denied a fair trial by Supreme Court’s examination of witnesses and other conduct during trial is not preserved for our review (see People v Manigault, 297 AD2d 754 [2002], lv denied 99 NY2d 583 [2003]; People v Hanks, 292 AD2d 875 [2002]; People v Hartzog, 263 AD2d 492 [1999], lv denied 93 NY2d 1019 [1999]; People v Fauntleroy, 258 AD2d 664, 665 [1999], lv denied 93 NY2d 924 [1999]). In any event, the court’s conduct did not deny defendant a fair trial (see Fauntleroy, 258 AD2d at 665). The court’s intervention was appropriate “to clarify the issues and to facilitate the orderly and expeditious progress of the proceedings” (id.; see People v Yut Wai Tom, 53 NY2d 44, 55-58 [1981]).
Defendant further contends that there is insufficient circumstantial evidence to support the conviction and that he established the affirmative defense to felony murder by a preponderance of the evidence as a matter of law. We disagree. Although there is no direct evidence of defendant’s intent to commit the robbery, it is well settled that “[i]ntent may be inferred from conduct as well as the surrounding circumstances” (People v Steinberg, 79 NY2d 673, 682 [1992]). Viewing the evidence in the light most favorable to the People, we conclude that there is a “valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder” (People v Williams, 84 NY2d 925, 926 [1994]; see People v Scavone, 284 AD2d 928, 929 [2001], lv denied 96 NY2d 942 [2001]; see also People v Alexander, 75 NY2d 979 [1990]), i.e., that defendant knowingly participated in the robbery and shared his accomplices’ intent (see People v Horsey, 304 AD2d 852, 854 [2003]). The jury properly rejected as incred *1049 ible the defense theory that defendant had no reasonable ground to believe either that one of his accomplices was armed with a deadly weapon or that the accomplice intended to engage in conduct likely to result in serious physical injury or death (see Penal Law § 125.25 [3] [c], [d]; People v Thomas, 298 AD2d 187, 187-188 [2002], lv denied 99 NY2d 585 [2003]).
The court properly denied defendant’s motion for severance because defendant failed to show good cause for severance (see CPL 200.40 [1]; People v Boatman, 147 AD2d 912 [1989]). The defense of defendant did not conflict with that of his codefendant, inasmuch as both denied having the requisite intent to commit the robbery (see People v Reed, 236 AD2d 866 [1997], lv denied 89 NY2d 1099 [1997]). Moreover, defendant failed to show that undue or unfair prejudice would result from the joint trial (see People v Cotton, 237 AD2d 943 [1997], lv denied 90 NY2d 857 [1997]; People v Hamilton, 174 AD2d 633 [1991], lv denied 78 NY2d 966 [1991]), and there was no “ ‘injustice or impairment of substantial rights unseen at the beginning’ ” (People v Cruz, 66 NY2d 61, 69 [1985], revd on other grounds 481 US 186 [1987]).
Defendant failed to preserve for our review his contention regarding the circumstantial evidence charge given by the court (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). The court properly denied defendant’s request for a missing witness charge because defendant failed to show that the witnesses’ testimony would have been favorable to the People (see People v Thomas, 300 AD2d 1034, 1035 [2002], lv denied 99 NY2d 633 [2003]; see generally People v Gonzalez, 68 NY2d 424, 427 [1986]). Finally, the sentence is neither unduly harsh nor severe. Present — Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.