■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA McNERNEY, Appellant. [775 NYS2d 739]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered July 26, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]), two counts of robbery in the first degree (§ 160.15 [1], [2]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject the contention of defendant that he was denied effective assistance of counsel because counsel failed to move to sever his trial from that of his codefendant. The failure to make a particular pretrial motion does not by itself constitute ineffective assistance of counsel (*see People v Paige,* 289 AD2d 872, 873 [2001], *lv denied* 97 NY2d 759 [2002]) and, here, defendant failed to show that he suffered the requisite prejudice because of counsel's failure to move for severance (*see People v Ruger,* 288 AD2d 686, 687 [2001], *lv denied* 97 NY2d 733 [2002]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137,

147 [1981]). Here, as in the appeal of the codefendant, "[t]he defense of defendant did not conflict with that of his codefendant, inasmuch as both denied having the requisite intent to commit the robbery" (*People v DeNormand,* 1 AD3d 1047, 1049 [2003]; *see People v Espinal,* 220 AD2d 276 [1995], *lv denied* 87 NY2d 900 [1995]). In addition, any *Bruton* violation is harmless error because the codefendant's statement "was merely cumulative of other evidence properly admitted at trial" (*People v Eldridge,* 221 AD2d 966, 967 [1995], *lv denied* 87 NY2d 1019 [1996]; *see People v Pugh,* 236 AD2d 810, 811-812 [1997], *lv denied* 89 NY2d 1099 [1997]).

Defendant next contends that, although Supreme Court properly determined that the photo array was unduly suggestive, it erred in further determining that the witness had an independent basis for his in-court identification of defendant. Even assuming, arguendo, that defendant did not waive that contention by agreeing to allow the prosecutor to establish that the witness had known defendant for 4 or 5 years, we conclude that it is without merit. Contrary to defendant's contention, the testimony of the police investigator at the *Wade* hearing establishes that the witness had an independent basis for his in-court identification (*see People v Beltran,* 281 AD2d 934, 935 [2001], *lv denied* 96 NY2d 898 [2001]; *People v Brennan,* 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999]; *People v Cole,* 241 AD2d 946, 946-947 [1997], *lv denied* 90 NY2d 903 [1997]). The court properly credited the police investigator's testimony, even though it was based on hearsay (*see generally* CPL 710.60 [4]; *People v Edwards,* 95 NY2d 486, 491 [2000]; *People v Espinal,* 262 AD2d 245 [1999], *lv denied* 93 NY2d 1017 [1999]; *People v Gordon,* 200 AD2d 634 [1994], *lv denied* 83 NY2d 911 [1994]).

Defendant further contends that the court erred in denying his request for a missing witness charge. We rejected that contention on the appeal of the codefendant on the ground that he failed to show that the testimony of that witness would have been favorable to the People (*see DeNormand,* 1 AD3d at 1049), and we reach the same conclusion with respect to defendant herein. In addition, defendant failed to preserve for our review his contention regarding the court's circumstantial evidence charge (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see DeNormand,* 1 AD3d at 1049). We further reject the contention of defendant that the court violated his right to be present at a sidebar conference conducted during jury selection. "Defendant failed to come forward with substan-

tial evidence to rebut the presumption of regularity that attaches to all criminal proceedings" (*People v Andrew,* 1 NY3d 546, 547 [2003]). Finally, the sentence is neither unduly harsh nor severe. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.