■ In the Matter of JEROME S. WALZER, Appellant, v JEAN WALZER, Respondent.—In a support proceeding, petitioner appeals from an order of the Family Court, Westchester County, dated August 22, 1977, which, *inter alia,* dismissed his petition to "terminate" a prior order of support. Order affirmed, without costs or disbursements. All of the issues raised here can be determined in the litigation between the parties now pending in Connecticut. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ In the Matter of the Arbitration between CRAMOND WILLIAMS, Claimant, and NEW HAMPSHIRE INSURANCE COMPANY, Respondent; AMOCO OIL, Appellant.—In proceedings to stay arbitration, Amoco Oil appeals (1) from a judgment of the Supreme Court, Nassau County, entered January 6, 1977, which granted the application of respondent New Hampshire Insurance Company to stay arbitration demanded by the claimant as to the payment of uninsured motorist benefits and determined that the coverage afforded to the claimant by Amoco Oil was primary and that the coverage afforded by New Hampshire was secondary, and (2) from a further judgment of the same court, dated March 30, 1977, which granted New Hampshire's application to permanently stay arbitration demanded by the claimant as to the payment of no-fault benefits. Judgments affirmed, with separate bills of $50 costs and disbursements to the New Hampshire Insurance Company for each appeal. In our opinion, the papers submitted sustain a finding that the claimant was "occupying" the Amoco Oil vehicle at the time of the injury, within the meaning of the New Hampshire policy (see *Estate of Cepeda v United States Fid. & Guar. Co.,* 37 AD2d 454; *State-Wide Ins. Co. v Murdock,* 31 AD2d 978; *Matter of MVAIC v Oppedisano,* 41 Misc 2d 1029). Accordingly, Amoco Oil is primarily liable for the payment of uninsured motorist benefits to the claimant and New Hampshire is secondarily liable. However, the claimant has already received workers' compensation benefits in excess of the maximum uninsured motorist benefits and he is thus precluded from receiving uninsured motorist benefits from anyone. The claimant is not eligible to receive no-fault benefits under the New Hampshire policy. Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDIA BORRERO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 21, 1977, convicting her of grand larceny in the second degree (two counts) and grand larceny in the third degree (two counts), after a nonjury trial, and imposing intermittent six-month prison terms on each conviction, to run concurrently. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences to the time already served with defendant to be continued on probation. As so modified, judgment affirmed and case remitted to the Criminal Term to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Since defendant's record was previously unblemished and her crime was nonviolent, the sentences imposed were harsh and excessive to the extent indicated herein (see *People v Anastasi,* 60 AD2d 654; *People v Fuller,* 59 AD2d 971). Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.