■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON LUGO, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County (Ingrassia, J.), imposed August 22, 1980, upon his conviction of grand larceny in the third degree, upon his plea of guilty, the sentence being an indeterminate period of imprisonment with a maximum of four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to probation for a period of five years. As so modified, sentence affirmed and case remitted to the County Court, Orange

County, for the imposition of conditions of probation, which shall include those recommended by the Probation Department. The sentence was excessive to the extent indicated. Margett, J. P., O'Connor and Weinstein, JJ., concur.

Thompson, J., dissents and votes to affirm the sentence, with the following memorandum: Defendant, 22 years old at the time of the crime, had lived in the United States for several years at that time. He had completed the fifth grade in Puerto Rico and spoke no English. He was indicted for criminally negligent homicide, criminal possession of stolen property in the first degree, grand larceny in the second degree, and unauthorized use of a motor vehicle. He was permitted to plead guilty to grand larceny in the third degree in satisfaction of the indictment, and was sentenced to an indeterminate term of imprisonment with a maximum of four years. He had no prior criminal record. Defendant explained that he and a friend (whose last name he did not recall) had gone by bus to Monticello, New York, to seek employment. After consulting with an employment agency, they had some beer while waiting for the bus to return them to New York City. The friend left him and, stranded and uncertain where he was, defendant took an automobile which had its keys in the ignition. He claims he acted on impulse although one witness reported that defendant tried to enter two vehicles before he took the third. Defendant drove the car erratically and at an excessive speed and finally crossed the center line and hit another car head on, killing one person. Tests showed that defendant was driving while impaired; he admitted drinking four beers prior to taking the car. When an appellate court is asked to review a sentence, the first question is whether the sentence imposed was a legal one (as it was here). The second question is whether the Sentencing Judge abused his discretion. In most instances this is the more difficult question. In the instant case the Sentencing Judge presided at the arraignment and at the plea. He was well aware of the defendant's prior good record, his age and his problems. He was also aware of the gravity of the charges, the seriousness of defendant's escapade, and the death, by multiple traumatic injuries, of an innocent victim. The defendant was given leniency by the very nature of the plea accepted. Under such circumstances I do not believe that the sentence imposed is excessive, and I see no reason to disturb the wise discretion exercised by the Sentencing Judge. I would affirm.