■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHYNN FUHRER, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court's determination that the statements defendant made to the police were voluntary is supported by the record. Defendant does not challenge the admissions he made at the scene of the accident prior to being advised of his *Miranda* rights. These investigatory inquiries did not constitute custodial interrogation to which *Miranda v Arizona* (384 US 436) applies *(People v Bennett,* 70 NY2d 891, 893; *People v Sullivan,* 149 AD2d 968). With respect to defendant's other admissions made at the hospital after he had been advised of his *Miranda* rights, we find no evidence in the record to support defendant's claim that the injuries he sustained in the accident prevented him from knowingly and voluntarily waiving his rights *(see, People v Hall,* 122 AD2d 163; *People v Pearson,* 106 AD2d 588).

We have reviewed the other claims raised on appeal and find them to be without merit. (Appeal from judgment of

Ontario County Court, Reed, J.—assault, second degree; driving while ability impaired.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.