■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PFAHLER, Appellant

Contrary to defendant's contention, the court did not err in imposing a sanction other than dismissal of the indictment for the destruction of the tape of the surreptitiously recorded telephone conversation. The determination of an appropriate sanction for the People's failure to preserve discoverable material is a matter within the trial court's discretion *(People v Kelly,* 62 NY2d 516, 521; *People v Haupt,* 128 AD2d 172, *affd*

71 NY2d 929). To determine the appropriate sanction, the trial court must consider a number of factors, including the significance of the missing evidence in the context of the available proof, and the degree of prosecutorial fault, particularly whether the loss was intentional or inadvertent. In determining an appropriate sanction, "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" *(People v Kelly, supra,* at 520).

In the circumstances of this case, the court did not abuse its discretion in refusing to impose the drastic remedy of dismissal *(People v Haupt,* 71 NY2d 929, 931, *supra),* or in denying defendant's request for an adverse inference charge. In our view, the illegally recorded tape would not have greatly aided defendant either on his right to counsel claim or in his defense. In light of the overwhelming proof of intoxication, including the blood test indicating that defendant's blood alcohol content was .26%, it is unlikely that, as defendant contends, the tape would have established that defendant was not intoxicated. Given that the exculpatory value of the missing evidence is completely speculative *(see, People v Scattareggia,* 152 AD2d 679, 680; *People v Frye,* 129 AD2d 985, 986, *lv denied* 72 NY2d 859), and given the fact that defense counsel made strategic use of proof concerning the destruction of the tape in his summation *(see, People v Scattareggia, supra),* the court did not abuse its discretion in imposing the lesser sanction of precluding the People from proving the contents of the conversation.

We stress, however, that our holding in no way condones and, on the contrary, clearly condemns the practice of the Kenmore Police Department in surreptitiously recording a defendant's postarrest telephone calls. The hearing court noted that the practice has been discontinued. If it has not, it should be terminated immediately.

The court did not err in receiving the blood test results into evidence. Assuming, arguendo, that the People violated their discovery obligations, we do not conclude that the court abused its discretion in denying preclusion. The court's offer of a continuance was reasonably designed to alleviate any prejudice to defendant while preserving the People's ability to prosecute effectively. The fact that defense counsel declined the court's offer indicates that the People's conduct was not as prejudicial as defendant now claims.

A proper foundation for admission of the test results into evidence was established. Not only did the nurse, chemist and

other witnesses establish a chain of custody for the blood samples, but the chemist refuted the defense suggestion that the blood samples had been "adulterated by an unknown white substance".

Defendant's challenge to the severity of his sentence is without merit. (Appeal from Judgment of Erie County Court, La Mendola, J.—Vehicular Assault, 2nd Degree.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.