■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD WEST, Appellant. [611 NYS2d 401] —Judgment unani-

mously affirmed. Memorandum: We reject defendant's contention that County Court erred in refusing to charge manslaughter in the second degree as a lesser included offense of murder in the second degree. Although manslaughter in the second degree is a lesser included offense of murder in the second degree, no reasonable view of the evidence would support a finding that defendant committed the lesser offense but not the greater *(see, People v McMillion,* 181 AD2d 997, *lv denied* 80 NY2d 835). Defendant stabbed the victim 13 times in the neck and chest, strangled her, left an ice pick in her neck, and then sexually assaulted the victim's 11-year-old daughter. Under the circumstances, no reasonable view of the evidence would support a finding that defendant's conduct was reckless *(see, People v Weems,* 105 AD2d 763).

We also reject defendant's contention that the court erred in refusing to give an adverse inference charge concerning a blood sample taken from defendant. The blood sample was not properly preserved and it was impossible to test it. Thus, the People did not produce test results for the blood at trial. "The determination of an appropriate sanction for the People's failure to preserve discoverable material is a matter within the trial court's discretion" *(People v Pfahler,* 179 AD2d 1062). In determining the appropriate sanction, the court must consider several factors, including "the significance of the missing evidence in the context of the available proof, and the degree of prosecutorial fault" *(People v Pfahler, supra,* at 1063). Here, the blood sample was not taken until approximately 12 hours after the victim was killed and more than six hours after defendant was in custody. Urine samples showed no sign of alcohol in defendant's system and there is no indication that the blood sample would have yielded a different result. Furthermore, in view of the fact that defendant was not taken into custody until several hours after the homicide, the results of a blood test would be of doubtful relevance. We conclude that County Court did not abuse its discretion in refusing to give an adverse inference charge. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.