■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORGIO HERNANDEZ, Appellant. [727 NYS2d 899] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 5, 1998, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, petit larceny, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant's contention that the trial court's refusal to give an adverse inference charge concerning evidence discarded by the People was erroneous and requires that the defendant be given a new trial, in light of the People's heavy reliance on the items discarded to prove his guilt. The People have an affirmative obligation to preserve all discoverable evidence within their possession (*see, People v James,* 93 NY2d 620, 644; *People v Martinez,* 71 NY2d 937, 940; *People v Kelly,* 62 NY2d 516, 520). "Accordingly, where discoverable evidence *gathered by the prosecution or its agent is lost,* the People have a heavy burden of establishing that diligent, good-faith efforts were made to prevent the loss" (*People v Kelly,* 62 NY2d 516, 520 [emphasis in original]). Otherwise, the trial court will exercise its discretion in choosing an appropriate sanction (*see, People v James, supra,* at 644; *People v Martinez,* 71 NY2d, *supra,* at 940). "Typically, sanctions are imposed where a law enforcement officer acting within the scope of his or her official duties loses or destroys evidence already committed to the police's custody" (*People v James, supra,* at 644). "In fashioning an 'appropriate' response to the prosecution's wrongful failure to preserve evidence * * * the degree of prosecutorial fault surely may be considered, but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (*People v Kelly,* 62 NY2d 516, 520).

In light of our decision to reverse the judgment and order a new trial, we do not reach the defendant's remaining contentions. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.