■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BELL, Appellant. [730 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered March 22, 1999, convicting him of criminal facilitation in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence was preserved for appellate review (*see,* CPL 470.05 [2]). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was insufficient as a matter of law to establish the defendant's guilt of criminal facilitation in the second degree beyond a reasonable doubt.

A person is guilty of criminal facilitation in the second degree "when, believing it probable that he is rendering aid to a person who intends to commit a class A felony, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony" (Penal Law § 115.05). The facilitator must believe that he or she is probably rendering assistance to a person who intends to commit a class A felony at the time aid is given (*see, People v Gordon,* 32 NY2d 62, 64-65). Here, there was no evidence from which a jury could rationally infer that the defendant believed it probable that he was rendering aid to a person intending to commit a class A felony. Consequently, the People failed to prove each and every element of the crime charged beyond a reasonable doubt. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.