■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH C. JOHN, Appellant. [732 NYS2d 505] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for resentencing in accordance with the following Memorandum: County Court properly denied the motion of defendant to suppress his statements to the police. Contrary to defendant's contention, *Miranda* warnings need not be recited verbatim; all that is required is that the "warnings given reasonably apprise[ ] the defendant of his rights" (*People v Parker*, 258 AD2d 479, 479-480, *lv denied* 93 NY2d 877; *see, People v Snider*, 258 AD2d 929, 930, *lv denied* 93 NY2d 979). Contrary to the further contention of defendant, there was sufficient evidence that he waived his *Miranda* rights. Defendant concedes that he nodded in response to the *Miranda* warnings, and that fact, considered in conjunction with defendant's numerous previous encounters with the criminal justice system, "is a reliable indication that [defendant] knew what he was doing" (*People v Rooney*, 82 AD2d 840, 841; *see, People v Walsh*, 134 Misc 2d 1071, 1074-1075). The evidence further establishes that defendant "was not intoxicated to such a degree that he was incapable of voluntarily, knowingly, and intelligently waiving his *Miranda* rights" (*People v Downey*, 254 AD2d 794, 795, *lv denied* 92 NY2d 1031; *see, People v Gadson*, 239 AD2d 924, *lv denied* 90 NY2d 905; *see generally, People v Schompert*, 19 NY2d 300, 305-307, *cert denied* 389 US 874). Additionally, there is no evidence in the record to support the contention of defendant that the injuries he sustained in the motor vehicle accident prevented him from knowingly and voluntarily waiving his *Miranda* rights (*see, People v Fuhrer*, 154 AD2d 942; *see also, People v Glashen*, 249 AD2d 489; *People v Jordan*, 216 AD2d 489, 490, *lv denied* 87 NY2d 847).

Defendant has failed to preserve for our review his contention that the court erred in admitting statements not included in the CPL 710.30 notice (*see, People v Richard*, 229 AD2d 787, 789, *lv denied* 89 NY2d 928), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The court did not abuse its discretion in admitting the standard issue *Miranda*

card at the suppression hearing despite the fact that it was not the particular card actually used by the officer on the night of defendant's arrest. The officer testified that all of the *Miranda* cards issued to the officers were identical, and the record establishes that defendant was advised of his *Miranda* rights "directly from the standard card in the police vehicle en route to the [police station]" (*People v Beickert*, 191 AD2d 499, 500, *lv denied* 81 NY2d 967).

We conclude, however, that the court abused its discretion in denying defendant's motion for sanctions based on the People's failure to preserve the vehicle that defendant allegedly was driving at the time of his arrest. Defendant concedes that dismissal is not warranted under the circumstances of this case, but we agree with him that some sanction was warranted. "A necessary corollary of the duty to disclose is the obligation to preserve evidence until a request for disclosure is made" (*People v Kelly*, 62 NY2d 516, 520), and thus "[t]he People have an affirmative obligation to preserve all discoverable evidence within their possession" (*People v Hernandez*, 285 AD2d 559). Here, the vehicle allegedly driven by defendant was discoverable as "property obtained from the defendant" (CPL 240.20 [1] [f]; *see, People v Brown*, 104 Misc 2d 157, 162-163).

"To determine the appropriate sanction, the trial court must consider a number of factors, including the significance of the missing evidence in the context of the available proof, and the degree of prosecutorial fault, particularly whether the loss was intentional or inadvertent" (*People v Pfahler*, 179 AD2d 1062, 1063; *see, People v West*, 203 AD2d 947, 948, *lv denied* 84 NY2d 834; *People v Okehoffurum*, 201 AD2d 508, 509, *lv denied* 83 NY2d 913, 970). In the instant case, the missing evidence was significant because the entire defense was that the windows of the vehicle were tinted to such a degree that the officers could not have seen who was driving. Further, there was no other way for defendant to prove the degree of tint. In addition, there was a high degree of prosecutorial fault because the loss was intentional; the People auctioned off the vehicle before defendant was indicted, thereby precluding any discovery by defendant.

We further conclude, however, that the error is harmless. Defendant admitted that he was the operator of the vehicle, and the only other person in the vehicle had passed out in the back seat. Thus, the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the court's error in failing to impose sanctions such as a missing evidence charge (*see, People v Crimmins*, 36 NY2d 230, 242).

Although we agree with defendant that the sentence imposed on the count of reckless driving (Vehicle and Traffic Law § 1212) is illegal, that issue is moot because defendant has completed serving that sentence (*see, People v Dukes*, 156 AD2d 959, *lv denied* 75 NY2d 918). The sentences imposed on the remaining counts are neither unduly harsh nor severe. We are constrained, however, to vacate the sentence on the count of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]). The court described the fine as the "minimum mandatory," thereby indicating "the court's misapprehension that it had no ability to exercise its discretion" in determining whether to impose a fine (*People v Domin*, 284 AD2d 731, 733; *see, People v Thomas*, 245 AD2d 1136, 1137; *People v Moore*, 212 AD2d 1062). We therefore modify the judgment by vacating the sentence imposed on the count of felony driving while intoxicated, and we remit the matter to Erie County Court for resentencing on that count (*see*, Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]; *People v Thomas, supra*, at 1137; *People v Moore, supra*). (Appeal from Judgment of Erie County Court, Drury, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.