THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HOLLOMAN, Appellant. [737 NYS2d 749] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered June 24, 1999, convicting defendant after a nonjury trial of, inter alia, robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted following a bench trial of robbery in the second degree (Penal Law § 160.10 [3]), robbery in the third degree (Penal Law § 160.05), unlawful imprisonment in the first degree (Penal Law § 135.10), assault in the third degree (Penal Law § 120.00 [1]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and violating Vehicle and Traffic Law § 402 (4), for threatening the victim with a butcher knife and forcing the victim into the trunk of the victim's vehicle, driving the vehicle from Chautauqua County to Erie County, periodically stopping the vehicle to open the trunk and assault the victim, and robbing the victim of cash during one of those assaults.

County Court did not abuse its discretion in refusing to preclude the People from presenting evidence of the vehicle and knife based on their violation of Penal Law § 450.10 (*see generally, People v Sullivan,* 261 AD2d 652, 653; *People v West,* 203 AD2d 947, 948, *lv denied* 84 NY2d 834; *cf., People v John,* 288 AD2d 848). We conclude that, although the police released the vehicle to the victim's family the day following the crimes, the "People adequately demonstrated that the defendant was not prejudiced thereby and that the law enforcement officials did not act in bad faith" (*People v Dent,* 183 AD2d 723, 724, *lv denied* 80 NY2d 928).

We reject defendant's contention that the People committed a *Brady* violation by failing to disclose that the victim's mother

discovered the butcher knife in the victim's vehicle after the vehicle had been released to the victim's family. "The prosecution's duty to disclose arises only with respect to exculpatory information" (*People v Forbes,* 190 AD2d 1005, 1006, *lv denied* 81 NY2d 970; *see, People v Walden,* 236 AD2d 779, *lv denied* 90 NY2d 865). Here, the knife was not exculpatory evidence inasmuch as it confirmed the victim's version of events.

Contrary to defendant's further contention, the People proved by a preponderance of the evidence that the crimes occurred in Erie County (*see,* CPL 20.40 [1] [a]; [4] [g]; *see generally, People v Greenberg,* 89 NY2d 553, 555-556). In addition, the court did not abuse its discretion in denying defendant's application for substitution of counsel for sentencing purposes where, as here, defendant failed to establish good cause for substitution (*see, People v Halpin,* 261 AD2d 647, *lv denied* 93 NY2d 971; *People v Benson,* 203 AD2d 966, *lv denied* 83 NY2d 964).

The verdict is not against the weight of the evidence, and the conviction is supported by legally sufficient evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant did not ask the court to consider the defense of intoxication and therefore failed to preserve for our review his contention that proof of his intoxication should have negated the element of intent to commit the various crimes (*see,* CPL 470.05 [2]; *see also,* People v Williams, 277 AD2d 508, 510; *People v Jones,* 272 AD2d 930, 932, *lv denied* 95 NY2d 891). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, the sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.