■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL REID, Appellant. [744 NYS2d 405] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered February 3, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

In this case where the court submitted to the jury the lesser included offense of criminal possession of a controlled substance in the seventh degree, defendant was not deprived of a fair trial by a comment by the prosecutor in summation which, without referring specifically to defendant, inadvertently revealed to the jury the likelihood that a person convicted of seventh-degree possession would receive a lenient sentence. The court sustained defendant's objection, struck the offending comment, and immediately delivered a thorough instruction to the jury that it should not consider punishment, which the jury presumably followed (*see, People v Davis*, 58 NY2d 1102). Accordingly, the court properly exercised its discretion in denying defendant's mistrial motion (*see, People v Santiago*, 52 NY2d 865).

Defendant's belated objections failed to preserve his claim that he was deprived of a fair trial by the court's questioning of the People's witnesses (*compare, People v Charleston*, 56 NY2d 886, *with People v Yut Wai Tom*, 53 NY2d 44, 55), and we decline to review it in the interest of justice. Were we to review this claim, we would find that although the better course would have been for the court to restrain itself from trying to clarify ambiguities in the People's documentation regarding the distinction in time between the defendant's apprehension and arrest, this point was adequately pursued by defense counsel during cross-examination of the police officer. Hence, the court's questions could not have interfered with defendant's defense (*see, People v Moulton*, 43 NY2d 944). Furthermore, the court's instruction that the subject matter of the court's questioning of witnesses remained a factual issue for the jury served to prevent any possible prejudice.

We perceive no basis for a reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.