■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN D. EDEY, Appellant. [752 NYS2d 405] —Rose, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 9, 2001, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

The charges against defendant arose out of a police officer's

discovery of crack cocaine and heroin in the trunk of a stolen car that was in the possession of defendant and Tyree Vance. Although found not guilty on two counts of criminal possession of a controlled substance in the third degree, defendant was convicted of criminal possession of a controlled substance in the fourth degree. County Court subsequently sentenced him to a term of 5 to 10 years in prison. Defendant now appeals.

Due to defendant's failure to move for dismissal of the charges, the issue of whether the evidence is legally sufficient to support his conviction is unpreserved (*see People v Gray*, 86 NY2d 10, 20; *People v Rubin*, 286 AD2d 555, 556, *lv denied* 97 NY2d 733). In any event, we find no merit in defendant's challenges to the sufficiency and weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). Although Vance testified that defendant had no knowledge of the presence of the controlled substance, the jury appropriately weighed this against the testimony of James Johnson, who provided the stolen car to defendant and Vance. Johnson testified that defendant was present when Vance asked about finding people who wanted to buy drugs and when Vance gave Johnson a piece of crack cocaine in exchange for the use of the car. Johnson also testified that he observed defendant and Vance behind the car with the trunk open. When viewed in the light most favorable to the People, this evidence, along with expert testimony that the substances found in the trunk included a quantity of cocaine weighing in excess of one eighth of an ounce (*see* Penal Law § 220.09 [1]), could lead a rational person to the conclusion reached by the jury here (*see People v Williams*, 84 NY2d 925, 926; *People v Montcrieft*, 296 AD2d 718, 719). Further, in weighing the relative probative force of conflicting testimony, it was appropriate for the jury to find Johnson's testimony to be more creditable, particularly since Vance had previously stated in his plea that the drugs belonged to both him and defendant (*see People v Shook*, 294 AD2d 710, 712, *lv denied* 98 NY2d 702). Thus, we find that the jury also gave the evidence the weight it should be accorded (*see People v Bleakley, supra* at 495; *People v Stokes*, 290 AD2d 71, 73-74, *lv denied* 97 NY2d 762, *cert denied* — US —, 123 S Ct 230).

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.