■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA PAGE-JOHNSON, Appellant. [773 NYS2d 310]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 23, 2000. The judgment convicted defendant, upon a jury verdict, of criminal facilitation in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: On appeal from a judgment convicting her after a jury trial of criminal facilitation in the second degree (Penal Law § 115.05), defendant contends that the evidence is legally insufficient to support the conviction. Defendant moved to dismiss the indictment on that ground at the close of the People's case, but failed to renew that motion after presenting her case. Thus, defendant's contention is not preserved for our review (*see People v Hines,* 97 NY2d 56, 61-62 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, viewing the evidence in the light most favorable to the People, we conclude that "there is a 'valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder' " and thus the evidence is legally sufficient to support defendant's conviction (*People v DeNormand,* 1 AD3d 1047, 1048 [2003]; *see generally People v Bleakley,* 69 NY2d 490, 496 [1987]). We further conclude that Supreme Court fashioned an appropriate sanction for the People's failure to preserve discoverable material (*see People v West,* 203 AD2d 947, 948 [1994], *lv denied* 84 NY2d 834 [1994]; *People v Pfahler,* 179 AD2d 1062, 1062-1063 [1992]), and defendant received effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 146-147 [1981]).

All concur except Green and Hurlbutt, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Green and Hurlbutt, JJ. (dissenting). We respectfully dissent. In our view, the evidence, even when viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), is not legally sufficient to support defendant's conviction of criminal facilitation in the second degree (Penal Law § 115.05). The evidence establishes that defendant was a passenger in a vehicle driven by her husband, codefendant Alonzo Johnson (*see People v Johnson,* 303 AD2d 967 [2003], *lv denied* 100 NY2d 583 [2003]), when Johnson drove up alongside the

victim and another pedestrian on a Buffalo street. After the victim failed to comply with Johnson's demand for money, Johnson directed defendant to lean her seat back. When defendant complied, Johnson grabbed a shotgun, leaned over her, pointed the shotgun out the passenger window and fatally shot the victim. Defendant's compliance with Johnson's direction that defendant lean her seat back, without more, is insufficient to support an inference that defendant "believed it probable that [s]he was rendering aid" to Johnson (*People v Bell*, 286 AD2d 772, 772 [2001], *lv denied* 97 NY2d 654 [2001]; *cf. People v Polk*, 84 AD2d 943, 944 [1981]). We would therefore exercise our discretionary power to review defendant's challenge to the legal sufficiency of the evidence, reverse the judgment of conviction, dismiss the indictment and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.