■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES OGLESBY, Appellant. [788 NYS2d 793]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered August 27, 2002. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that the evidence is

legally insufficient to support the conviction. Defendant failed to preserve that contention for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Page-Johnson*, 5 AD3d 990 [2004]) and, in any event, we conclude that it is lacking in merit (*see People v DeNormand*, 1 AD3d 1047, 1048 [2003], *lv denied* 1 NY3d 626 [2004]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, Supreme Court properly denied his motion to suppress his statements to the police. The police had reasonable suspicion to conduct an investigatory detention of defendant at the scene of the incident, and the statements made by defendant before he received his *Miranda* warnings were admissible inasmuch as they were spontaneous and were not the product of express questioning or its functional equivalent (*see Rhode Island v Innis*, 446 US 291, 300-301 [1980]; *People v Rivers*, 56 NY2d 476, 479-480 [1982], *rearg denied* 57 NY2d 775 [1982]; *People v Downey*, 254 AD2d 794 [1998], *lv denied* 92 NY2d 1031 [1998]). After validly waiving his *Miranda* rights, defendant voluntarily made further statements to the police, and the court therefore properly refused to suppress those statements (*see People v Spearman*, 226 AD2d 180, 181 [1996], *lv denied* 88 NY2d 886 [1996]). The contention of defendant that he was denied a fair trial by prosecutorial misconduct is without merit (*see generally People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Casillas*, 289 AD2d 1063, 1064-1065 [2001], *lv denied* 97 NY2d 752 [2002]). Finally, we conclude that, "[b]ecause '[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded' . . ., defendant was not denied due process based on the failure of the police to record the interrogation resulting in [his] statement" (*People v Martin*, 294 AD2d 850, 850 [2002], *lv denied* 98 NY2d 711 [2002]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.