■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK RAMSEY, Appellant. [852 NYS2d 304]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered July 13, 2005, convicting him of burglary in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree (two counts), criminal mischief in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the prosecutor attempted to impermissibly shift the burden of proof during summation by asking the jury to weigh the People's proof against a portion of the defendant's grand jury testimony that had been admitted (*see People v Walters,* 251 AD2d 433, 434 [1998]), the court immediately sustained defense counsel's objection, and the curative instructions provided by the court alleviated any prejudice that may have resulted from the prosecutor's improper remark (*see People v Williams,* 14 AD3d 519 [2005]).

Moreover, while we agree that several other comments made by the prosecutor were improper, the errors were harmless (*see People v Crimmins,* 36 NY2d 230, 237 [1975]).

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is without merit. The sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Pena,* 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Evans,* 16 AD3d 595, 596 [2005]). The fact that the defendant's sentence was greater than the one he would have received had he pleaded guilty does not establish his entitlement to a lesser sentence (*see People v Hinton,* 285 AD2d 476, 477 [2001]). Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.