■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MURPHY, Appellant. [860 NYS2d 206]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered February 22, 2006, as amended February 24, 2006, convicting him of burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools, and unlawful possession of noxious material, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that he was denied his right to a fair trial because the People attempted to impermissibly shift the burden of proof (*see generally People v Ramsey*, 48 AD3d 709 [2008]; *People v Walters*, 251 AD2d 433, 434 [1998]; *People v Ortiz*, 116 AD2d 531, 532 [1986]). Specifically, the defendant contends that the Supreme Court erred in permitting the People to elicit testimony from a police officer regarding certain pedigree information that the defendant provided upon his arrest. In addition, the defendant contends that, during summation, the prosecutor erred in referring to the elicited pedigree information.

Even if the Supreme Court erred in permitting the elicitation of the pedigree information, and the prosecutor's remarks referencing that information were similarly erroneous, any such error did not deprive the defendant of a fair trial. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.