■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAHKIMI GOMEZ-KADAWID, Appellant. [888 NYS2d 621]—

Kane, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 7, 2007, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and criminal possession of a controlled substance in the seventh degree.

When correction officers at a state prison frisked defendant, an inmate, they discovered three packets of heroin hidden in an altered flap of the pants that he was wearing. After trial, he was convicted of promoting prison contraband in the first degree and criminal possession of a controlled substance in the seventh degree. Defendant now appeals.

The verdict was not against the weight of the evidence. Defendant did not contest the testimony of correction officers

describing how they recovered heroin from the pants he was wearing. The only element at issue at trial was mens rea, i.e., whether defendant possessed the heroin knowingly (*see* Penal Law § 205.25 [2]; § 220.03). Defendant testified that the pants were not his, he had found them and was wearing them because he had been denied access to a change of his own clothing while housed in the hospital ward. Two other inmates also testified that inmates in the hospital ward were deprived of a change of clothing, and that defendant somehow came into possession of another set of clothes. On the other hand, to support an inference of knowing possession, the correction officers testified that defendant appeared nervous and acted furtively just prior to the frisk. The three packets of drugs were hidden in a slit made on the flap of material covering the zipper, creating a bulge substantial enough to be detected during a pat frisk on the outside of his clothing. This raised a question as to whether defendant would have noticed the bulge when donning the pants. Deferring to the jury's credibility determinations, the convictions are supported by the weight of the evidence (*see People v Breedlove*, 61 AD3d 1120, 1121 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Edey*, 300 AD2d 758, 759 [2002], *lv denied* 99 NY2d 614 [2003]).

Nevertheless, reversal is required due to the People's failure to preserve a critical piece of evidence. "A necessary corollary of the duty to disclose is the obligation to preserve evidence until a request for disclosure is made" (*People v Kelly*, 62 NY2d 516, 520 [1984] [citations omitted]; *see People v John*, 288 AD2d 848, 849 [2001], *lv denied* 97 NY2d 705 [2002]). The People concede that they did not comply with their discovery obligation (*see* CPL 240.20 [1] [f]) by preserving the pants that contained the heroin. Considering the testimony establishing that all inmate clothing was imprinted with the assigned inmate's name and identification number, the pants were important to support defendant's claim that the pants were not his.

In light of the People's wrongful failure to preserve evidence, which failure prejudiced defendant, some form of sanction is required (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *People v John*, 288 AD2d at 849). "[T]he overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (*People v Kelly*, 62 NY2d at 520; *see People v Pfahler*, 179 AD2d 1062, 1062-1063 [1992]). We disagree with defendant's contention that dismissal of the indictment is necessary. "[T]he drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence" (*People v Kelly*, 62 NY2d at 521; *see People v Haupt*, 71 NY2d 929, 931 [1988]; *People v Coleman*, 205 AD2d 795, 795-796 [1994], *lv denied* 84 NY2d 824 [1994]).

Here, any prejudice to defendant flowing from the People's failure to preserve the pants could be ameliorated by an instruction to the jury that, had the pants been produced at trial, defendant would have proven that they were not assigned to him and he was wearing someone else's pants. Such an instruction would establish the facts which could have been proven through inspection of the pants, yet not unduly reward defendant for the People's error (see People v Kelly, 62 NY2d at 521-522; People v Dinsio, 286 AD2d 517, 518 [2001], lv denied 97 NY2d 703 [2002], cert denied 536 US 942 [2002]; People v Pfahler, 179 AD2d at 1063). Dismissal would not be appropriate because proof that defendant was wearing someone else's pants is not necessarily inconsistent with his knowing possession of drugs hidden in those pants. Therefore, we remit for a new trial in which defendant is entitled to an appropriate jury instruction (see People v Martinez, 71 NY2d at 940).

Our reversal renders defendant's remaining arguments academic.

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the County Court of Clinton County for a new trial.