■ The People of the State of New York, Respondent, v Jagdeep Pujji, Also Known as Jack Pujji, Appellant. [903 NYS2d 486]—

Appeal by the defendant from three judgments of the Supreme Court, Queens County (Kohm, J.), all rendered November 17, 2008, convicting him of (1) grand larceny in the third degree, grand larceny in the fourth degree, scheme to defraud in the first degree, and scheme to defraud in the second degree under indictment No. 2556/06, (2) grand larceny in the fourth degree (three counts) under indictment No. 1040/07, and (3) grand larceny in the third degree and grand larceny in the fourth degree under indictment No. 1564/07, upon a jury verdict, and sentencing him, on the two counts of grand larceny in the third degree under indictments No. 2556/06 and 1564/07, respectively, to indeterminate terms of $1\frac{1}{2}$ to $4\frac{1}{2}$ years imprisonment, and on the three counts of grand larceny in the fourth degree under indictment No. 1040/07, and two counts of grand larceny in the fourth degree under indictments No. 2556/06 and 1564/07, respectively, to indeterminate terms of $1\frac{1}{3}$ to 4 years imprisonment, with all of the grand larceny sentences to be served consecutively, and a definite term of one year imprisonment on the count of scheme to defraud in the first degree, and an indeterminate term of $1\frac{1}{3}$ to 4 imprisonment years on the count of scheme to defraud in the second degree under indictment No. 2556/06, with the sentences on the scheme to defraud counts to be served concurrently with each other and with the sentences on the grand larceny counts.

Ordered that the judgment rendered under indictment No.

1040/07 is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed upon the three counts of grand larceny in the fourth degree under that indictment, along with the sentences imposed upon the counts of scheme to defraud in the first degree and scheme to defraud in the second degree, shall run concurrently with each other and with the sentence imposed upon the count of grand larceny in the third degree under indictment No. 2556/06; as so modified, the judgment rendered under indictment No. 1040/07 is affirmed; and it is further,

Ordered that the judgments rendered under indictment Nos. 2556/06 and 1564/07 are affirmed.

The prosecutor's remarks on summation constituted, for the most part, fair responses to defense counsel's summation, or fair comment on the evidence, or reasonable inferences therefrom (*see People v Rudd*, 62 AD3d 729 [2009]; *People v Meeks*, 56 AD3d 800, 801 [2008]; *People v Holguin*, 284 AD2d 343 [2001]). Where the remarks were improper, defense counsel's objections were sustained by the Supreme Court, and the curative instructions provided by the Supreme Court alleviated any prejudice that may have resulted from the remarks (*see People v Ramsey*, 48 AD3d 709, 710 [2008]; *People v Williams*, 14 AD3d 519 [2005]).

With regard to the aggregate sentence of 9²/₃ to 29 years imprisonment, we find that, "while there was no legal impediment to the imposition of consecutive terms of imprisonment for the defendant's convictions [of grand larceny in the third degree and grand larceny in the fourth degree] because the subject [offenses] were predicated upon distinct acts committed against separate victims (*see People v Ramirez*, 89 NY2d 444, 454 [1996]; *People v Brown*, 80 NY2d 361, 364-365 [1992]; *People v Brathwaite*, 63 NY2d 839, 843 [1984]; *People v Blount*, 47 AD3d 825 [2008]; *People v Smith*, 46 AD3d 583 [2007]), the sentence imposed was excessive to the extent indicated herein" (*People v Rivera*, 60 AD3d 788, 790-791 [2009], *mod* 15 NY3d 207 [2010]; *see People v Lugo*, 82 AD2d 812, 812-813 [1981]; *People v Kluger*, 66 AD2d 826 [1978]; *People v Borrero*, 64 AD2d 637 [1978]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.