■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROMAN, Appellant. [937 NYS2d 601]

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that various remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review. The defendant made only general objections to the prosecutor's comments, did not request curative instructions, and did not seek further relief after curative instructions were nonetheless given (*see* CPL 470.05 [2]; *People v Paul*, 82 AD3d 1267, 1268 [2011]; *People v Haggerty*, 48 AD3d 480 [2008]). In any event, the prosecutor's remarks on summation constituted, for the most part, fair responses to defense counsel's summation, or fair comment on the evidence, or reasonable inferences therefrom (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Stewart*, 89 AD3d 1044 [2011]; *People v Pujji*, 74 AD3d 1100, 1101 [2010]). Where the remarks were improper, the Supreme Court sustained defense counsel's objections, and the court's curative instructions alleviated any prejudice that may have resulted from the remarks (*see People v Leach*, 90 AD3d 1072 [2011]; *People v Pujji*, 74 AD3d at 1101). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.