■ The People of the State of New York, Respondent, v Alex Rowser, Appellant. [31 NYS3d 69]—

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered June 26, 2012, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and unlawful possession of ammunition, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The court's adverse inference instruction was a suitable remedy for a detective's inadvertent loss of the jacket that the victim had been wearing when he was shot, and the court properly exercised its discretion in declining to dismiss the indictment, declare a mistrial, or deliver a more lengthy charge (*see People v Haupt*, 71 NY2d 929, 931 [1988]; *People v Kelly*, 62 NY2d 516, 521 [1984]). Defendant has not established that he was prejudiced by the loss of the jacket. Although, in asserting a justification defense, defendant claimed that the victim had a firearm in his jacket pocket, he has not explained how physical examination or forensic testing of the jacket could have corroborated that claim, particularly since there was no testimony by any prosecution or defense witness that the victim fired any shots. Furthermore, the emergency medical technician who removed the jacket did not notice anything heavy in any pocket. Defendant was able to make full use of the loss of the jacket in cross-examination and summation, and the adverse inference charge, while not including the expansive language requested by defendant, was sufficient to convey the appropriate principles (*see People v Handy*, 20 NY3d 663, 669-670 [2013]).

When, on the third day of jury deliberations, the jury issued its second deadlock note, the court properly exercised its discretion in denying defendant's mistrial motion and instead giving a full *Allen* charge (*see People v Hardy*, 26 NY3d 245, 252 [2015]). Without counting the time spent on readbacks of testimony and reinstruction on the law, the jury had actually

deliberated for less than a day, and there was nothing coercive in the content of the charge or the circumstances under which it was given. Defendant did not preserve his present arguments concerning the court's response to the jury's first deadlock note, and other events that occurred during deliberations, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.