The People of the State of New 
 York, Respondent, 
against
Rose Neira, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Sondra K. Pardes, J.), rendered December 18, 2012. The judgment convicted defendant, upon a jury verdict, of failing to provide proper sustenance to an animal.




ORDERED that the judgment of conviction is affirmed.
In November 2010, based on an anonymous allegation of animal abuse, detectives from the Nassau County District Attorney's office conducted an investigation at a home located on Fallwood Parkway in Farmingdale, regarding a two-year-old male Great Dane dog. They discovered that the dog was emaciated, had uncut claws, and that its ears were extremely dirty and unkempt. A leash or rope in the kitchen of the home to which the dog was tied was too short for the dog to reach a food bowl. The dog was brought to an animal hospital, where it was examined by a veterinarian. He determined that the dog weighed only 87.4 pounds. The dog should have weighed between 120 and 150 pounds. The dog's condition was consistent with malnutrition and a lack of medical care. The dog's condition was so poor that he could not handle special nutrition-rich dog food. The dog's problems with his claws made it difficult for him to walk. Defendant and her husband, Danny Neira, were charged, in separate informations, with, among other things, failing to provide sustenance to an animal (Agriculture and Markets Law § 353) (see People v Neira, ___ Misc 3d ___, 2016 NY Slip Op _____ [appeal No. 2013-89 N CR], decided herewith).
At trial, the court did not permit the jury to learn that the dog had subsequently died. After the People disclosed that the body of the dog had inadvertently been destroyed, the court imposed a sanction of not permitting the report of the necropsy of the dog to be admitted into evidence, and no reference to the report could be made on the People's direct case. The court permitted the prosecutor to elicit evidence of uncharged crimes with respect to the living conditions of other animals in the home.
During his opening statement, the prosecutor stated that defendant "hadn't taken the dog to the vet in a year," that the jury would hear "statements [that] she was giving it medicine for parasites," and that she ran out of the medication and stopped giving the dog the medication "before the investigators got there. She didn't show them any medicine. She admitted that no veterinarian" had seen the dog "before she started this medication, but that's what she's gonna claim, that it was a parasite. And you're gonna have to make that determination yourself." [*2]Defendant's counsel's objection to those comments was sustained. Counsel subsequently moved for a mistrial based on those comments. The court indicated that it would "advise the jury not to consider any statement [the prosecutor] made about what she's gonna say, because she doesn't have to say anything at all." The prosecutor admitted that he made "a misstatement," that he "was referring to the statement" defendant "had previously made to investigators." The court stated, "[o]kay. I sustained that objection." Defendant's counsel registered an exception and again asked for a mistrial. The District Court denied the application. The court provided the jury with a curative instruction that what the attorneys say is not evidence, and to ignore the prosecutor's statement about "testimony you might expect to hear from the defendant."
The prosecutor commented during his summation that the jury had "heard Rose Neira testify that this dog has been sick for at least six months." Defendant's counsel immediately objected, on the ground that Rose Neira had, in fact, not given any testimony. The court sustained the objection. The prosecutor withdrew the comment, apologized, and stated that the jurors "heard the detective" so testify. The court told the jury "to disregard any suggestion of any testimony from the defendant."
After the prosecutor had completed his summation, defendant's counsel moved for a mistrial on the ground that the prosecutor had "improperly referred to Mrs. Neira's testimony." The prosecutor stated that he "cleared that with the jury," that it was a "misstep," and that he meant the statements Rose Neira "made to the investigators." The court stated that "I don't think this jury is under any misapprehension that Miss Neira testified." Counsel argued that the prosecutor's statement "referred to it and that's what's improper, not the fact that they know." The court concluded, "I sustained your objection, I told the jury to ignore any reference to the fact that the defendant testified because she did not testify and they were not to consider it. So I'm denying your motion for a mistrial." The jury convicted defendant of failing to provide proper sustenance to an animal (Agriculture and Markets Law § 353).
On appeal, defendant argues that, as a result of the destruction of the dog's body after the necropsy had been performed, she could not conduct an independent necropsy and she was prevented from presenting a defense based on scientific evidence that the dog had suffered from a systemic disease. Thus, dismissal was the only appropriate remedy. Defendant further argues that the District Court erred in permitting the prosecutor to elicit evidence of uncharged crimes with respect to the living conditions of other animals in the home. Finally, defendant argues that the prosecutor's references to defendant testifying, both in his opening statement and in his summation, required the granting of a mistrial.
The People respond that the sanction of preclusion of the necropsy report was sufficient and not an abuse of the court's discretion, as the dismissal of a criminal charge is a drastic remedy that is rarely imposed. The People contend that the District Court correctly permitted evidence regarding the living conditions of other animals in the home. Finally, the People assert that the court correctly denied the defense motions for a mistrial.
We find that defendant was prejudiced by the fact that the body of the dog was destroyed. However, the sanction imposed by the District Court, that the necropsy report would not be admitted into evidence, was adequate. Here, the court was required to impose a sanction, because the People had violated their disclosure obligations as a result of the destruction of the dog's body (see People v Durant, 26 NY3d 341, 347 [2015]; People v Gomez-Kadawid, 66 AD3d 1124, 1125 [2009]). In doing so, "the court's attention [had to] focus primarily on the overriding need to eliminate prejudice to the defendant" (People v Martinez, 71 NY2d 937, 940 [1988]; see People v Kelly, 62 NY2d 516, 520 [1984]). "The appropriate sanction to be imposed is within the sound discretion of the trial court and is not to be disturbed unless it is determined that there has been an abuse of that discretion" (People v Jenkins, 98 NY2d 280, 284 [2002]). The court "may consider the degree of prosecutorial fault" (People v Martinez, 22 NY3d 551, 567 [2014]; see People v Olson, 126 AD3d 1139, 1141 [2015]). Moreover, "the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence" (People v Kelly, 62 NY2d at 521; see People v Haupt, 71 NY2d 929, 931 [1988]; [*3]People v Page, 105 AD3d 1380, 1380-1381 [2013]). We note that the jury never heard the cause of the dog's death; indeed, it never heard that the dog had died. The People did not ask the veterinarian any questions about the necropsy. Moreover, defendant's counsel argued during summation that the dog had a systemic illness (see People v Rowser, 139 AD3d 489 [2016]; People v Page, 105 AD3d at 1381).
The District Court did not err in permitting the People to elicit testimony regarding the living conditions of the other animals in the house. "Evidence of similar uncharged crimes has probative value, but as a general rule it is excluded for policy reasons because it may induce the jury to base a finding of guilt on collateral matters or to convict a defendant because of his past" (People v Alvino, 71 NY2d 233, 241 [1987]), and "where its only purpose is to show bad character or propensity towards crime" (People v Arafet, 13 NY3d 460, 464-465 [2009]; see People v Morris, 21 NY3d 588, 594 [2013]). For such evidence to be admissible, the prosecutor must show that it constitutes proof of some material issue, such as motive, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the perpetrator (see People v Cass, 18 NY3d 553, 560 [2012]; People v Littlejohn, 112 AD3d 67, 74 [2013]; People v Agina, 103 AD3d 739, 742 [2013]). This list is "merely illustrative and not exhaustive" (People v Rojas, 97 NY2d 32, 37 [2001]). Whether such evidence is admissible for one of the permissible purposes is a question of law (see People v Wisdom, 120 AD3d 724, 725 [2014]; People v Littlejohn, 112 AD3d at 76). Once that determination is made, the court must engage in a "discretionary balancing of the probative value and the need for the evidence against the potential for delay, surprise and prejudice" (People v Alvino, 71 NY2d at 242; see People v Morris, 21 NY3d at 595; People v Cass, 18 NY3d at 560; People v Gillyard, 13 NY3d 351, 355-356 [2009]; People v James, 132 AD3d 905, 906 [2015]).
In the case at bar, the evidence regarding the living conditions of the other animals in the home was correctly admitted to establish the absence of mistake or accident (see People v Siplin, 66 AD3d 1416, 1417 [2009] [in a prosecution of aggravated cruelty to animals pursuant to Agriculture and Markets Law § 353-a (1), the court correctly permitted testimony regarding the defendant's improper care of another dog]). The fact that some of the evidence included charges that had been withdrawn by the People and dismissed is of no moment.
The District Court provided the jury with a curative instruction to ignore the prosecutor's opening statement comment regarding potential testimony by defendant. When the prosecutor incorrectly referred to defendant's testimony during his summation, the prosecutor immediately caught his error, as defendant did not testify. The court sustained the defense objection, and provided the jury with a curative instruction. The court's actions were sufficient to alleviate any prejudice to defendant (see People v Roman, 91 AD3d 974 [2012]; People v Reid, 296 AD2d 335 [2002]). Thus, defendant's motions for a mistrial were properly denied. Moreover, even if the comments constituted error, the evidence against defendant was overwhelming and, thus, the prosecutor's comments constituted harmless error.
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: May 23, 2017