OPINION OF THE COURT
Joseph F. Bruno, J.
Defendant, charged with two counts of assault in the third degree (Penal Law § 120.00 [2], [3]) and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]), moves to dismiss the two counts of assault on the grounds of facial insufficiency and in the interest of justice.
The information reads in pertinent part:
"The deponent [Police Officer Edward Russotto of the 84th Precinct] is informed by Steven Isaac Zell that * * * the informant observed the defendant driving a jeep cherokee [sic] New York license plate # 691-5AJ and defendant did rear end the vehicle informant was driving.
"Deponent is further informed by informant that there were three passengers in the vehicle that informant was driving.
"Deponent is further informed by Gabrielle Dehan, Mike Tannen and Eric Lemonides that all three informants were in the vehicle being driven by Steven Isaac Zell.
"Deponent is further informed by informants Zell, Dehan, Tannen and Lemonides that as a result of being rear ended by the vehicle defendant was driving all four informants sustained physical injury and substantial pain to their necks and backs.
"Deponent further states that defendant did have a strong odor of alcohol, slurred speech and bloodshot eyes.
"Deponent further states that defendant did refuse to take a breathalyzer test to determine the defendant’s blood alcohol content.”
The incident occurred at approximately 3:19 p.m. on November 11, 1994 at the corner of State and Smith Streets, Kings County.
*816 CONTENTIONS OF THE PARTIES

Facial Sufficiency: The Assault Charge

The defendant argues that the only allegation in the complaint related to the two counts of assault is that the complainant’s car was "rear ended”. She cites People v Boutin (75 NY2d 692 [1990]) for her contention that "serious blameworthiness” is required for the two counts of assault to be facially sufficient, and "the unexplained failure of a driver to see a vehicle with which he collided did not, without more, support a finding of criminal negligence”. (Defendant’s affirmation in support of motion to dismiss, at 3.)
The People have failed to respond to defendant’s motion to dismiss the two counts of assault on the grounds of facial insufficiency.

The Clayton Motion

Defendant is a police detective who claims to have risked her life working undercover in major drug investigations.
Defendant maintains there is an "unstated undercurrent” beneath this case involving the responding officers’ refusal to arrest the complainants herein for allegedly reaching into defendant’s car and assaulting her. Defendant argues that "this case cries out for the 'interests of justice’ to be exercised in defendant’s favor.” (Defendant’s affirmation in support of motion to dismiss, at 3-4.)
The People argue that "if the defendant’s motion to dismiss is granted it will appear that a police officer, while sworn to uphold the law is actually above the law and it [sic] liberty to disregard its dictates.” (People’s affirmation in response to defendant’s motion to dismiss, at 12-13.)
CONCLUSIONS OF LAW

Defendant’s Facial Sufficiency Motion

An information or a count thereof is facially sufficient if it contains allegations in the factual part of the accusatory instrument which, when read together with any supporting depositions which may accompany the instrument, (1) provide reasonable cause to believe that the defendant committed the offense charged and (2) establish, if true, by nonhearsay alie *817 gations, every element of the offense(s) charged and the defendant’s commission thereof. (CPL 100.15 [3]; 100.40, 170.35 [1]; see also, People v Alejandro, 70 NY2d 133 [1987].) Conclusory allegations are insufficient and render the purported instrument defective. (People v Dumas, 68 NY2d 729 [1986].)
Penal Law § 120.00 (2) and (3) read as follows:
"A person is guilty of assault in the third degree when * * *
"(2) He recklessly causes physical injury to another; or
"(3) With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.”
The term "recklessly” is defined in Penal Law § 15.05 (3) in the following manner: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto.” (Penal Law § 15.05 [3].)
The phrase "criminal negligence” is defined in Penal Law § 15.05 (4) in the following manner: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.”
A person is chargeable with "recklessness” when he is aware of designated risk and consciously disregards it, while he is only "criminally negligent” if he fails to perceive the risk. (People v Licitra, 47 NY2d 554 [1979]; see also, People v Cruciani, 70 Misc 2d 528 [1972].)
This court, for the purposes of defendant’s facial sufficiency motion, will treat the one count of Penal Law § 120.00 (2) as distinct and separate from the one count of Penal Law § 120.00 (3) in order to determine whether the nonhearsay *818 factual allegations support the sufficiency of each count. (CPL 100.15 [3].)
The factual allegation that the defendant was driving under the influence of alcohol when she rear ended another vehicle is insufficient, without more, to support the charge that the defendant acted "recklessly” pursuant to Penal Law § 120.00 (2) or with "criminal negligence” pursuant to Penal Law § 120.00 (3) for facial sufficiency purposes.
An information has stricter jurisdictional requirements than an indictment for facial sufficiency purposes. (See, People v Alejandro, 70 NY2d 133, supra; People v Martes, 140 Misc 2d 1034 [Crim Ct, Kings County 1988].)
The Court of Appeals in People v Fitzgerald (45 NY2d 574 [1978], revg 62 AD2d 885) reversed the Appellate Division, Second Department, which had dismissed two counts in an indictment of criminally negligent homicide and criminally negligent assault on the grounds that greater particularity was required to apprise the defendant of the conduct which is the subject of the accusation pursuant to CPL 200.50 (7). The Court of Appeals reversed on the grounds that the indictment contained sufficient factual allegations to satisfy the requirements of the statute as the "information * * * may be provided by a bill of particulars which is designed to insure that the defendant is supplied with sufficient information to properly prepare his defense”. (People v Fitzgerald, 45 NY2d, at 580.)
A bill of particulars, however, may not cure a deficient information. The Court of Appeals in People v Alejandro (70 NY2d, supra, at 134-135) dismissed an information which charged defendant with resisting arrest in contravention of Penal Law § 205.30 because the information set forth no factual allegations establishing that the police officer was effecting an authorized arrest. The Court in Alejandro discussed the different role a bill of particulars plays with respect to an indictment and an information: "Because an information must, for jurisdictional purposes, contain non-hearsay factual allegations sufficient to establish a prima facie case, a prosecutor’s hearsay statements, set forth in a bill of particulars, cannot supply necessary factual allegations to cure a deficient information. By contrast, an indictment, which presupposes that the Grand Jury, before issuance of the indictment, has found that a prima facie case exists (CPL 190.65 [1] [a]) may, as a pleading, be corrected by a bill of particulars.” (Supra, at 138.)
*819 In the present case, the defendant has not been apprised of what conduct, on her part, constitutes either reckless assault or criminally negligent assault. The allegation, if true, that defendant was driving under the influence of alcohol when she rear ended another vehicle would not make her culpable per se under either Penal Law § 120.00 (2) or (3) without any allegations related to how the accident occurred or whether the defendant was driving in an erratic, reckless or negligent manner. Even if the act of defendant’s driving her vehicle under the influence of alcohol constitutes a gross deviation from the required standard of care, there are insufficient allegations in the information which would show that the accident resulted from defendant’s alleged "recklessness” or "criminal negligence” in violation of Penal Law § 120.00 (2) or (3). (See, People v Holt, 109 AD2d 174 [4th Dept 1985] [in the prosecution of defendant for criminally negligent homicide arising out of the death of a pedestrian who was struck by a motor vehicle operated by the intoxicated defendant, where there was a total lack of evidence from witnesses or experts as to the manner in which the accident occurred, the defendant’s conduct in driving while intoxicated, standing alone, does not make him criminally responsible for the victim’s death]; see also, People v Boutin, 75 NY2d, supra, at 694 [the crime of criminally negligent homicide requires not only a failure to perceive a risk of death but also some serious blameworthiness in the conduct that caused it].)
Accordingly, defendant’s motion to dismiss the two counts of assault (Penal Law § 120.00 [2], [3]) is granted.

Defendant’s Clayton Motion

In light of this court’s dismissal of the two counts of assault, this court will consider defendant’s motion to dismiss in the interest of justice pursuant to CPL 170.40 solely as it relates to the remaining charges in the information, one count of Vehicle and Traffic Law § 1192 (2) and one count of Vehicle and Traffic Law § 1192 (3).
Vehicle and Traffic Law § 1192 (2) and (3), operating a motor vehicle while under the influence of alcohol or drugs, reads in its entirety:
"(2) * * * No person shall operate a motor vehicle while [he] has .10 of one per centum or more by weight of alcohol in [his] blood as shown by chemical analysis of [his] blood, breath, *820 urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.
"(3) * * * No person shall operate a motor vehicle while [he is] in an intoxicated condition.”
The deponent of the information, Police Officer Russotto, stated that he observed the defendant exhibit "a strong odor of alcohol, slurred speech and bloodshot eyes” and that defendant refused to take a breathalyzer test to determine her blood alcohol content.
CPL 170.40 provides in pertinent part that "an information * * * or a misdemeanor complaint * * * may be dismissed in the interest of justice * * * when, even though there may be no basis for dismissal as a matter of law * * * such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument * * * would constitute or result in injustice.”
CPL 170.40 provides further that "[i]n determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider individually and collectively the following: (a) the seriousness and circumstances of the offense; (b) the extent of harm caused by the offense; (c) the evidence of guilt, whether admissible or inadmissible at trial; (d) the history, character and condition of the defendant; (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; (f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense; (g) the impact of a dismissal on the safety or welfare of the community; (h) the impact of a dismissal upon the confidence of the public in the criminal justice system; (i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; (j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
The defendant has not addressed any of the enumerated factors in her motion, nor will this court be compelled to state a "catechestic” on the record discussion of items (a) through (j) to show its careful consideration of defendant’s motion. (See, People v Rickert, 58 NY2d 122, 128 [1983].)
Defendant, in her motion to dismiss in the interest of justice, may have been attempting to address CPL 170.40 (c), *821 the evidence of guilt, whether admissible at trial or not, when she alleged that she had been assaulted by the complainants herein and the police officers who responded to the incident refused to arrest them.
It is the evidence that is available to the People that is contemplated by CPL 170.40 (c). As one court noted "a defense raised by the defendant or other evidence that may tend to negate the People’s proof at trial does not fall within the meaning of the 'evidence of guilt’ * * * This merely raises an issue that is to be litigated at trial rather than to be determined by a Judge on a pretrial motion. A motion to dismiss in the interests of justice is, in no way, intended to be a substitute for trial.” (People v Prunty, 101 Misc 2d 163, 167 [Crim Ct, Queens County 1979].) Accordingly, this court must conclude that since evidence that may tend to negate the People’s proof at trial does not fall within the contemplation of the "evidence of guilt”, such evidence is not a compelling factor that requires a dismissal in the interests of justice. Moreover, the credibility of the witnesses for both the People and the defendant cannot be properly gauged on motion papers.
This court agrees with the People that if it were to dismiss this case in the interest of justice without a full airing of the proof available to both parties, it would undermine the public trust in the criminal justice system. The defendant notes in her affirmation that, as a police detective, she has risked her life working undercover in major drug investigations. While this court does not challenge the defendant’s police status and/or duties, we are far removed from a system where a person’s status in the community dictates whether the case is permitted to proceed.
Accordingly, this court finds no "compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (CPL 170.40.)