OPINION OF THE COURT
Eileen N. Nadelson, J.
The defendant, Alfred Hold, is charged with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the second degree (Penal Law § 120.14 [1]), reckless endangerment in the second degree (Penal Law § 120.20), harassment in the second degree (Penal Law § 240.26 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). He has moved for an order dismissing the accusatory instrument on the grounds that material evidence within the control of the People has been lost or damaged. In the alternative, the defendant seeks “suppression” of that evidence. The defendant also moves for an order dismissing the *299 case in the interest of justice. He also seeks further discovery. The People oppose the motions to dismiss and to suppress.
This court makes the following findings of fact and conclusions of law:
Findings of Fact
On September 5, 2007, the People served and filed a misdemeanor complaint charging the above-mentioned offenses. In pertinent part, the factual portion of the complaint of Elizabeth Moehle, Assistant Kings County District Attorney, alleges the following:
“Deponent is informed by Nadezhda Korchagin that, at the above time and place [on or about August 9, 2007 at approximately 9:15 p.m. (at) 1201 East 10th Street, County of Kings, State of New York], the defendant did yell and curse at informant and throw a cinder block at informant.
“The deponent is further informed by the informant that the above described actions caused informant to suffer a scrape to the ankle, to suffer substantial pain, to fear further physical injury and to become alarmed and annoyed.”
The People also served and filed a supporting deposition of Nadezhda Korchagin. The court adjourned the case until October 23, 2007 for discovery by stipulation.
On November 16, 2007, the People served and filed discovery material. Included in that material was a copy of the police department complaint report (UF61), the narrative section of which reads as follows:
“At T/P/O complainant states during an on-going dispute with the defendant the defendant did pick up grey cinder block an [sic] threw it to ground causing it to break. A piece of block did hit complainant in the left ankle causing a small scrap [sic]. Aided Report prepared — Aided No.1342.”
The defendant requested further discovery.
Sometime in January 2008, the People provided defense counsel with a copy of a videotape purportedly containing the images of the incident at issue recorded by the complainant’s four-camera video security system. The defendant contends that the tape was not recovered from the security recorder by the police but was submitted to the People by the complainant. Moreover, the defendant contends that the videotape mostly *300 displays four scenes at once on a single screen. This, he argues, makes the images too small to examine in detail. The defendant also argues, without supporting proof, that images have been deleted from the videotape turned over by the People.
On February 26, 2008, the People served and filed additional discovery material, including medical records of the complainant, under the name Nadia Shimonov-Korchagin, and a CD of a 911 call and police radio communications.
On March 12, 2008, the People served and filed additional discovery material, two color photographs of the complainant’s ankle. These photographs bear the stamped date of August 23, 2007.
Sometime after May 14, 2008, with the cooperation of the People, the complainant permitted an investigator working with defense counsel to enter her home and remove the security system’s videotape recorder. (This was done, defense counsel contends, because it would be the only way to produce full-frame images of the scenes recorded by each of the system’s four cameras.) The investigator took the recorder to a sound studio to make a copy of the portion that allegedly recorded the encounter between the complainant and the defendant on August 9, 2007. Defense counsel asserts that the investigator informed him that the recorder the investigator removed was not the original recording device and that he was unable to convert the “quadrant” images into full-frame images.
The People concede that neither the alleged cinder block in question nor the fragment which allegedly struck the complainant’s ankle was retained and preserved by the police. They further concede that neither object is now recoverable by the police or the People because the arresting officer discarded them after taking the photographs. Those photographs were turned over to defense counsel on June 5, 2008. Defendant, however, asserts that the photographs are “virtually useless in ascertaining the cinderblock’s [sic] size and weight.” The court has viewed color photocopies of these photographs, which contain almost identical images. Each photograph depicts straight-on a single light-colored, featureless, opaque object sitting on what appears to be a desk or table. The bottom and top edges appear straight and parallel to each other. The right- and left-side edges appear irregular. It is not possible to gouge the size of the object because there are no other objects depicted nearby that might serve as points of reference to the so-called cinder block.
On June 5, 2008, the defendant served and filed the instant motions. *301 On July 16, 2008, the People served and filed their response. On August 12, 2008, the defendant served and filed a reply.
Discussion
The Missing So-Called Cinder Block
It is undisputed that after photographing the alleged cinder block as evidence, the police officer discarded it just as he did the alleged cinder block fragment which allegedly struck the complainant. The parties also agree that neither the so-called cinder block nor its fragment can be recovered from where they were discarded. The defendant contends that the failure of the arresting police officer to retain possession of the so-called cinder block and fragment entitles him to dismissal of all counts or, in the alternative, preclusion at trial of all evidence concerning the so-called cinder block and fragment.
Both parties agree that “[the People are] . . . obligated] to preserve evidence [and] where discoverable evidence gathered by the prosecution or its agents is lost, the People have a heavy burden of establishing that diligent, good-faith efforts were made to prevent the loss.” (People v Kelly, 62 NY2d 516, 520 [1984], as quoted in People v Hernandez, 285 AD2d 559, 559 [2d Dept 2001].) Moreover, “the disclosure of all evidence which might lead the jury to entertain a reasonable doubt about the guilt of the accused is required by due process; the test is to be applied liberally.” (People v Haupt, 128 AD2d 172, 174 [2d Dept 1987], citing United States v Bryant, 439 F2d 642, 648 [DC Cir 1971].)
There is no question that these objects would have been discoverable evidence if they had been retained by the police; the so-called cinder block is the alleged weapon, an element of the count of criminal possession of a weapon and is the alleged instrumentality by which the defendant allegedly committed the offenses charged in all the other counts (see People v Haupt, 128 AD2d at 175 [rifle and bullet casings allegedly used by defendant to shoot and kill neighbor discoverable if they had not been destroyed by police]); the cinder block fragment, which allegedly struck the complainant, would be relevant as to whether the defendant’s alleged throwing of the alleged cinder block created “a substantial risk of serious physical injury” to the *302 complainant, an element of reckless endangerment in the second degree. (See Penal Law § 120.20.)*
The police should have seized the so-called cinder block and fragment and preserved them for inspection by the defense. The People argue, however, that the availability of the photographs that the police took of the so-called cinder block made such retention unnecessary. The People are incorrect for two reasons. First, “[i]t is not for the prosecution, or the police, to select which materials should be preserved, and which should be destroyed.” (People v Saddy, 84 AD2d 175, 178 [2d Dept 1981].) Second, the photographs taken are wholly inadequate to show the size and weight of the object and that it was in fact a cinder block as the term is commonly understood. Moreover, the fragment was not even photographed. While the court does not question the police officer’s good faith in attempting to avoid seizing a possibly large and somewhat heavy piece of evidence by taking photographs instead, the obvious poor quality of the photographs should have been apparent to him when he viewed the photographs. In that respect, the police officer did not engage in a “diligent” effort to prevent the loss of discoverable evidence. (See People v James, 93 NY2d 620, 644 [1999].)
Accordingly, it is incumbent on the court to exercise its discretion and choose an appropriate sanction. (Id.) Dismissal of the accusatory instrument or, in the alternative, preclusion of evidence of the cinder block is far too severe a sanction for this error of judgment. This especially would be the case when as here the prejudice to the defendant is not conclusive. There is nothing in the record that suggests, let alone establishes, that the so-called cinder block is anything less than the hard, somewhat heavy object that is commonly known as a cinder block. The defendant does not argue otherwise.
The appropriate sanction would be an adverse inference charge to the trier of fact that had the so-called cinder block and its fragment been available as evidence the trier of fact would be permitted to presume that the so-called cinder block would not have been capable of being used as a weapon to injure, scare, harass or endanger the complainant. The court so orders such a charge be given to the trier of fact.
*303 The Security Videotape
The defendant contends that the images on a videotape purportedly recorded by the complainant’s home security system cameras at the time of the alleged incident and provided to him by the People are not for the most part full-frame images which would enable him, his counsel, the court and jury to clearly view each scene. He further contends that neither that videotape nor the recording device which the complainant permitted his counsel’s investigator to take to a video studio will allow the conversion of the four-way split-screen images to full-frame single images. He further contends that in the investigator’s opinion the recording device he removed from the complainant’s home was not the original device used to make the images recorded on the videotape provided by the People and that the images appear to have been edited. Based on these assertions, the defendant seeks dismissal of the accusatory instrument or, in the alternative, to preclude the People from introducing the videotape as evidence at trial.
Even if the court were able to conclude that the defendant’s allegations are correct about the inadequacy of the videotape, the technical impossibility of producing a full-frame recording from the security system recording, and/or the genuineness and completeness of the recording, the court does not have the authority to grant him the relief he seeks. This is because the security system recording device was never in the possession of the police or the People but was in the possession of the complainant. The videotape that the People intend to introduce contains images not gathered or produced by them or their agent; the videotape was produced exclusively by the complainant. The police and the People only have an obligation to preserve discoverable evidence that is within their possession. (See People v James, 93 NY2d 620, 644 [1999].) There is nothing on the record before this court showing that the People caused the videotape to display only split-screen images or that they edited or had the complainant edit the images contained within the tape. The People may not be penalized for the complainant’s alleged destruction or reduced quality of the images contained in the videotape. (See id.) The defendant is, of course, free, within the bounds of proper cross-examination, to attack the weight of the videotape evidence and the credibility of the complainant.
Accordingly, the defendant’s motion for an order dismissing the accusatory instrument for spoliation of evidence or, in the *304 alternative, precluding the admissibility of the videotape recording is hereby denied.
Interest of Justice Claim
CPL 170.40 (1) provides that a court may dismiss an accusatory instrument if “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” The statute lists the following 10 factors which the court should consider, “to the extent applicable”:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose ”(CPL 170.40 [1].)
The court has considered all of these factors “to the extent applicable.”
The defendant’s claim for this extraordinary relief is based primarily on (1) his argument that law enforcement has disadvantaged him by failing to preserve the so-called cinder block and fragment and providing a videotape of poor quality and dubious authenticity, (2) the fact that he, at age 60, has no criminal record, (3) that the complainant brought the charges against him to gain advantage over the defendant in a longstanding property dispute between them, and (4) that he has an *305 “impeccable reputation” in the community. He has attached numerous letters of reference to support the last contention.
The court has already rejected the defendant’s argument that the evidentiary problems attendant to this case entitle him to dismissal. The actions of the police and People in these respects hardly can be called serious misconduct.
A motion to dismiss in the interest of justice is not the appropriate mechanism for a defendant’s assertion of his innocence. (See People v Figueroa, 164 Misc 2d 814 [Crim Ct, Kings County 1995]; People v Prunty, 101 Misc 2d 163 [Crim Ct, Queens County 1979].) To be sure, the court may consider “the evidence of guilt, whether admissible or inadmissible at trial.” (CPL 170.40 [1] [c].) However, “[i]t is the evidence that is available to the People that is contemplated” by that statutory provision, i.e., that the court may only consider in a CPL 170.40 motion the evidence that the People are likely to introduce. (People v Figueroa, 164 Mise 2d 814, 821 [1995] [emphasis added], citiing People v Prunty.) The community’s trust in the justice system would be undermined by the court preventing the “full airing of the proof available to both parties” at trial. (People v Figueroa, 164 Misc 2d 814, 821 [1995].)
Equally unavailing to the defendant is his lack of a criminal record, but for the charges stemming from his recent arrest. It is well established that the lack of a prior criminal record is not sufficient to warrant dismissal in the interest of justice. (People v Kelley, 141 AD2d 764 [2d Dept 1988]; People v Andrew, 78 AD2d 683 [2d Dept 1980].)
Taken individually or collectively, these arguments do not warrant dismissal of charges in the interest of justice. Accordingly the defendant’s motion for this relief is hereby denied.
Additional Discovery
As to discovery sought by demand pursuant to CPL 240.20, the People shall comply with the demand as it applies to those items enumerated in CPL 240.20 within 15 days of the date of this order.

 The court rejects the defendant’s contention that the fragment should be construed to be the alleged weapon. The alleged weapon is obviously the cinder block in the same way that a pistol, and not the bullet fired from it, is.